IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | 1:18-cr-59 |
| | ) | |
| LEMIAH WYATT SANDERS, JR. | ) | |

**<u>MEMORANDUM ORDER AND OPINION</u>**

Before the Court is Defendant Lemiah Wyatt Sanders, Jr.'s *pro se* motion for reconsideration pursuant to 18 U.S.C. § 3582(c)(2) of his previously filed motion for a reduction of sentence. *See* Dkt. 83. The United States Probation Office and the United States Attorney's Office have not filed responses. For the reasons discussed below, the Court DENIES the motion.

On October 10, 2018, Mr. Sanders pled guilty to attempted interference with commerce by robbery in violation of 18 U.S.C. § 1951(a), and to being a felon in possession of a firearm in violation of 18 U.S.C. §§ 922(g)(1) and 924(a)(2). *See* Minute Entry 10/10/2018; Dkt. 33 at 1. He was initially sentenced on March 14, 2019, in the United States District Court for the Middle District of North Carolina to 168 months imprisonment, followed by three years of supervised release. *Id*. at 1-3; Minute Entry 3/14/2019.

Mr. Sanders appealed the sentence on April 4, 2019. *See* Dkt. 35. Upon review, on April 1, 2022, the Fourth Circuit vacated Mr. Sanders' sentence and remanded the case for resentencing, because the district court did not "announce that it was imposing the

standard conditions of supervised release as detailed in U.S. Sentencing Guidelines Manual § 5D1.3(c)" and because the district court did not "announce all nonmandatory conditions of supervised release at the sentencing hearing." *See* Dkt. 41 at 2-3. Shortly after, the Supreme Court held in *United States v. Taylor*, 596 U.S. 845 (2022), that attempted interference with commerce by robbery does not qualify as a crime of violence, which changed Mr. Sanders' criminal history category and led to a revised sentencing guideline range of 135-168 months. *See* Dkt. 48 at 1-2. On February 21, 2023, the district court resentenced Mr. Sanders to a within Guidelines' sentence of 148 months—twenty months less than his initial sentence—followed by three years of supervised release. *See* Dkt. 58 at 2-3.[1] Mr. Sanders again appealed the sentence on March 6, 2023. *See* Dkt. 61. The Fourth Circuit subsequently affirmed the Court's sentence on July 18, 2024. *See* Dkt. 78.[2]

On February 20, 2024, with his sentencing appeal still pending, Mr. Sanders submitted a motion for reduction of sentence under 18 U.S.C. § 3582(c)(2) pursuant to Amendment 821 (Part A), Dkt. 68. Mr. Sanders argued that pursuant to the November

---

[1] Mr. Sanders was sentenced to 148 months on Count One (attempted interference with commerce by robbery in violation of 18 U.S.C. § 1951(a)) and 120 months on Count Three (felon in possession of a firearm in violation of 18 U.S.C. §§ 922(g)(1) and 924(a)(2)), to run concurrently to Count One.

[2] In the Fourth Circuit opinion, the Court of Appeals granted the Government's motion to dismiss in part and to dismiss the appeal as to all issues within the appeal waiver's scope, including *Anders* counsel's question regarding the reasonableness of the sentence. *Id.* The Court of Appeals then affirmed the remainder of the district court's judgment. *Id.*

2023 change to the Sentencing Guidelines, he should not be allocated "status points" for committing the federal offense while under any criminal justice sentence. *Id.* (citing U.S. SENT'G GUIDELINES MANUAL § 4A1.1 (U.S. SENT'G COMM'N 2023)). The Probation Office agreed that under the November 2023 Sentencing Guidelines, Mr. Sanders would be a Criminal History Category III, which lowered Mr. Sanders' Sentencing Guideline range to 121-151 months, *see* Dkt. 69 at 1. In response, the U.S. Probation Office recommended the Court consider whether a reduction was appropriate. *See id.* at 2. The U.S. Attorney's Office asked that, unless the Court denied Mr. Sanders' motion, the Court to allow it to clarify its position later pending the outcome of Mr. Sanders' appeal. *See* Dkt. 71 at 2 n.1. Upon reviewing the applicable Sentencing Guidelines, the appropriate 18 U.S.C. § 3553(a) factors, and the policy statement set forth in U.S.S.G. § 1B1.10, *see* Dkts. 73, 74, the district court ultimately denied the motion. Dkt. 73. Mr. Sanders filed his appeal of this decision on June 17, 2024. *See* Dkt. 75. The Fourth Circuit affirmed on November 22, 2024, Dkt. 80, and Mr. Sanders filed the instant motion for reconsideration on June 4, 2025, Dkt. 83.

The Court must first determine whether it has the authority to hear Mr. Sanders' motion for reconsideration. The Fourth Circuit has determined that there is a non-jurisdictional prohibition on these motions that is "implied from § 3582(c)(2)'s silence on a district court's authority to grant motions for reconsideration, coupled with sentence finality interests and the clear intent of § 3582 . . . to constrain post-judgement sentence

modifications." *United States v. May*, 855 F.3d 271, 275 (4th Cir. 2017) (internal quotations and emphasis omitted). But because this prohibition is non-jurisdictional, it is subject to waiver. *See id.* Here, no objections were filed by the Government. The Court therefore has the authority to and will consider Mr. Sanders' motion.

As an initial matter, the district court properly calculated and considered Mr. Sanders' amended sentencing range pursuant to Amendment 821 of the United States Sentencing Guidelines. Dkt. 74. Pursuant to U.S.S.G. § 1B1.10(b)(1), in determining whether "a reduction in the defendant's term of imprisonment . . . is warranted, the court shall determine the amended guideline range that would have been applicable to the defendant if the amendment[ ] . . . had been in effect at the time the defendant was sentenced." In making this assessment, however, the district court "shall leave all other guideline application decisions unaffected." *Id.* Mr. Sanders previously argued, as he does in his motion for reconsideration, that pursuant to the retroactive portion of Amendment 821, Mr. Sanders' Sentencing Guidelines should be assessed without "status points." *See* Dkt. 68 at 1-2; Dkt. 83 at 6. As a result, his Criminal History Category would be III, not IV, as it was previously determined during his resentencing. *See* Dkt. 48 at 2. Mr. Sanders is correct that as a result his amended guideline range would be lowered from 135-168 months to 121-151 months. Dkt. 83 at 7; Dkt. 48 at 2. The district took this amended guideline range into consideration during the previous denial of Mr. Sanders' motion for a sentence reduction. *See* Dkts. 73, 74.

4

Mr. Sanders' 148-month sentence imposed on resentencing, however, remains reasonable in light of the applicable 18 U.S.C. § 3553(a) factors. Pursuant to 18 U.S.C. § 3582(c)(2), "the court *may* reduce the term of imprisonment, *after considering the factors set forth in section 3553(a) to the extent they are applicable*[.]"(emphasis added). In denying Mr. Sanders' previous motion for a sentence reduction pursuant to 18 U.S.C. § 3582(c), the district court considered the applicable 18 U.S.C. § 3553(a) factors, including the seriousness of the offense and the potential danger to the community. *See* Dkts. 73, 74.

Even after a thorough review and consideration of the arguments in Mr. Sanders' motion for reconsideration, the result remains the same. Mr. Sanders does not raise new 18 U.S.C. § 3553(a) arguments, instead asserting that his conduct during his term of incarceration warrants a sentence reduction. While the court can and should take such conduct into account,[3] *see United States v. Baldwin*, No. 1:08cr315-1, 2021 WL 663725, at *4 (M.D.N.C. February 19, 2021) (citing *Pepper v. United States*, 562 U.S. 476 (2011)), upon a

---

[3] Mr. Sanders notes he has "completed many ACE packets, drug education, a business blueprint class along with several other education programs." Dkt. 83 at 7. He also argues that he "has remained free of any incidents reports," though the Court notes that as of March 8, 2024, when the United States Probation Office filed its response to Mr. Sanders' first Motion for a Reduction to Sentence Pursuant to 18 U.S.C. § 3582(c), Mr. Sanders had three separate incidents listed on his Bureau of Prisons (BOP) Sentry Report: (1) Interfering with Security Devices (dated April 13, 2021); (2) Refusing Work/Program Assignment (dated March 26, 2021); and (3) Refusing to Obey an Order (dated October 20, 2019). Dkt. 69 at 1-2.

review of the appropriate sentencing factors in this case a reduction is sentence is still not warranted.

The offense conduct in this case, which ultimately resulted in a cross reference to U.S.S.G. § 2A2.1 for assault with intent to commit murder/attempted murder,[4] *see* Dkt. 29 ¶ 15, was egregious. Mr. Sanders walked into a sweepstakes location, brandishing a black revolver, demanding money, and forcing a security guard behind the counter to get the money. *Id.* ¶ 5. After the security guard retrieved his own gun, Mr. Sanders and the security guard engaged in a shootout that lasted approximately 20 seconds. *Id.* Before he was subdued, Mr. Sanders fired a shot just inches from the security guard's head. *Id.*

This was not Mr. Sanders' first involvement with violent criminal activity, however. Mr. Sanders' criminal history included three juvenile convictions (each of which received no criminal history points), including a conviction for felony grand larceny and another for felony second degree burglary. *Id.* ¶¶ 26-28. By the time he was 17 years old, he received his first adult criminal conviction. *Id.* ¶ 29. In addition to two felony convictions for Felony Possession with Intent to Sell and Deliver Marijuana, *id.* ¶¶ 30-31, Mr. Sanders also was convicted of two counts of misdemeanor assault on a law enforcement officer. *Id.* ¶ 31. In 2014, when he was 20 years old, Mr. Sanders was

---

[4] As noted previously, pursuant to U.S.S.G. § 1B1.10(b)(1), the district court does not reconsider any other guideline applications as part of either defendant's initial Motion for Reduction Pursuant to 18 U.S.C. § 3582(c)(2) or this Motion for Reconsideration.

convicted of Felony Conspiracy Robbery with a Dangerous Weapon. *Id.* ¶ 32. He was sentenced to 29 to 47 months imprisonment and was released to post-release supervision on April 5, 2017. *Id.* Just shy of six months later, Mr. Sanders committed the instant offense. *Id.* ¶ 4. Considering these facts, the district court was justified in denying Mr. Sanders' motion for a reduction in sentence in light of the serious nature of the offense, concerns with protecting the public, and the need for deterrence, as well as the other 18 U.S.C. § 3553(a) factors. These concerns remain even after considering Mr. Sanders' motion for reconsideration.

**IT IS THEREFORE ORDERED** that Mr. Sanders' motion for reconsideration, Dkt. 83, is **DENIED**.

This the 25th day of June, 2026.

_____
LINDSEY A. FREEMAN
UNITED STATES DISTRICT JUDGE

7